# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

DIANA DEE BOWMAN,

    Plaintiff,

v.                                      CASE NO. 1:15-cv-00008-MP-CAS

CAROLYN COLVIN,

    Defendant.

_____/

## **O R D E R**

This cause comes on for consideration upon the Magistrate Judge's Report and Recommendation dated August 20, 2015. (Doc. 17), which recommends remanding the matter to the Commissioner for further proceedings.  The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1).  The time for filing objections has passed, and none have been filed.

Having considered the Report and Recommendation, I have determined that the Report and Recommendation should be adopted.   This case involves the question of how an Administrative Law Judge ("ALJ") must consider the effect of a claimant's age when the claimant is at the borderline between the different age classifications found in the regulations. As the Magistrate Judge explained, the regulations divide claimants into several age categories: "younger person" (under age 50); "person closely approaching advanced age" (age 50 to 54); and "person of advanced age" (age 55 or older). 20 C.F.R. § 404.1563(c)-(e).  The classification of a person's age can be important because, in general, the higher the age category, the more lenient the standard for proving a disability.  For example, the Vocational Grids themselves take into account advanced age:

> However, for individuals of advanced age who can no longer perform vocationally relevant past work and who have a history of unskilled work experience, or who have only skills that are not readily transferable to a significant range of semi-skilled or skilled work that is within the individual's functional capacity, or who have no work experience, the limitations in vocational adaptability represented by functional restriction to light work warrant a finding of disabled.

20 C.F.R. Pt. 404, Subpt. P, App. 2, Table No. 2, § 202.00(c). In other words, the Commissioner should "consider that at advanced age (age 55 or older), age significantly affects a person's ability to adjust to other work" even if the claimant would otherwise have the residual functional capacity to perform that work. 20 C.F.R. § 404.1563(e).

Here, the Court agrees with the Magistrate Judge that plaintiff's age should be considered as of the date of the ALJ's decision, which makes her 54 years and 11 months old -- plaintiff was less than one month from her 55th birthday. The Court also agrees with the Magistrate Judge that this puts plaintiff on the borderline of the "person of advanced age" classification. The Magistrate Judge correctly noted that the regulations also provide that age categories are not applied mechanically in borderline situations. The regulations provide:

> For example, a rule for an individual of advanced age (55 or older) could be found applicable, in some circumstances, to an individual whose chronological age is 54 years and 11 months (closely approaching advanced age). No fixed guidelines as to when a borderline situation exists are provided since such guidelines would themselves reflect a mechanical approach.

SSR 83-10, 1983 SSR LEXIS 30, at *20 (emphasis added). Furthermore, 20 C.F.R. § 404.1563(b) establishes a burden on the Commissioner and ALJ to consider the borderline nature of the age of the claimant:

> We will not apply the age categories mechanically in a borderline situation. If you are within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled, we will consider whether to use the older age category after evaluating the overall impact of all the factors of your case.

Here, the plaintiff was within one month of her 55th birthday.  Considering that her situation is the exact example given in SSR 83-10, the Court agrees that her age is close enough that the ALJ should explicitly or implicitly consider which age category should be applied.  See also Pettway v. Astrue, No. CIV.A 10-127-C, 2010 WL 3842365, at *3 (S.D. Ala. Sept. 27, 2010)(canvassing cases from across the nation which address when an age should be considered borderline).  The Court further agrees with the Magistrate Judge and our sister courts in the Middle District of Florida that the ALJ is required (1) to provide claimant an opportunity to be heard on this borderline situation issue, (2) to make an individualized determination of the age factor, and (3) to expressly articulate his or her consideration of the claimant's borderline situation.  Roark v. Comm'r of Soc. Sec., No. 6:14-CV-84-ORL-37TBS, 2015 WL 1288140, at *1 (M.D. Fla. Mar. 20, 2015);  Rogers v. Comm'r of Soc. Sec., No. 6:12–cv–1156–Orl–GJK, 2013 WL 5330452, *3–4 (M.D.Fla. Sept.23, 2013).  In this case, the Court agrees that it "is unable to determine from the record whether the ALJ considered the borderline situation, implicitly or otherwise, and, without this explanation, it cannot conclude that the ALJ's decision is supported by substantial evidence." Doc. 17, p. 39.  Remand under sentence four of 42 U.S.C. § 405(g) is therefore required.

A remand under sentence four is considered a final judgment.  Bergen v. Commissioner, 454 F.3d 1273 (11th Cir. 2006).  Thus, absent a court order stating otherwise, a successful plaintiff's counsel would normally have fourteen days after the order of remand to file a motion with the District Court requesting an award of attorney fees. Fed. R. Civ. P.  54(d)(2)(B).  This Rule has been interpreted by the Eleventh Circuit to even apply to a request for fees to be paid from plaintiff's past due benefits pursuant to 42 U.S.C. § 406(b)(1).   Bergen, 454 F.3d at 1277-78.  However, plaintiff's counsel in such a case will not know the amount of benefits - and

therefore fees - until after the Commissioner awards benefits, which typically takes longer than fourteen days after the entry of judgment. Therefore, an extension of time to seek such fees is warranted, and was recommended by the Bergen opinion. Id.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

The Report and Recommendation of the Magistrate Judge is adopted, the decision of the Administrative Law Judge is reversed, and this matter is remanded to the Commissioner.

The Clerk is directed to enter final judgment remanding this case to the Commissioner under sentence four of 42 U.S.C. § 405(g) for the Appeals Council and/or ALJ (1) to provide Plaintiff an opportunity to be heard on the borderline age issue, (2) to make an individualized determination of the age factor, and (3) to expressly articulate their consideration of Plaintiff's borderline situation.

Pursuant to Bergen, proceedings on attorney fees under the Social Security Act, 42 U.S.C. § 406(b) are stayed until the matter is fully adjudicated upon remand. The plaintiff shall file a motion to award fees under 406(b) within 30 days after counsel receives notice from the Commissioner as to plaintiff's past due benefits.

This stay relates only to attorney fee proceedings under § 406(b) of the Social Security Act, not to attorney fee proceedings under the Equal Access to Justice Act, 28 U.S.C. § 2412, the latter of which may be adjudicated at this time.

**DONE AND ORDERED** this   *8th* day of October, 2015

                               *s/Maurice M. Paul*
                               Maurice M. Paul, Senior District Judge